### ESMOND *et al. v.* CHEW *et al.*

In this case—suit for damages to a mining claim and for an injunction—plaintiffs had judgment for $100 and costs, taxed at $—, a perpetual injunction being granted also. After the judgment was entered, plaintiffs moved that costs for the trial be allowed. Motion denied, except as to the costs accrued by reason of the injunction granted : *Held*, that this is a case where the allowance of costs is in the discretion of the Court below.

APPEAL from the Fourteenth District.

On the 6th of June, 1859, the plaintiffs filed their complaint, alleging their ownership and possession of certain mining claims ; that they had on said claims, for the purpose of working them, certain flumes and other property, and were continuously working the same ; that while so owning and working their claims, defendants unlawfully entered on them and constructed upon them a flume' of great length, cut trees upon them so as to obstruct the flow of tailings, and by means of the flume defendants constructed, negli-

gently and carelessly desposited large masses of tailings on plaint-iffs' claims, burying up their flume, and other property, and the claims to great depth, with gravel, sand and rubbish, preventing plaintiffs from mining and decreasing the value of the claim, to the specified and great damage of plaintiffs; that defendants threatened to continue their unlawful acts, and that if they did continue them the claims would become wholly valueless and the damage become irreparable.   Prayer for a preliminary and perpetual injunction. No preliminary injunction was issued.

The answer denies: 1st, the unlawful entry and unlawful con-struction of the flume; 2d, the unlawful, careless and negligent deposit of tailings, etc., covering up the property of plaintiffs or preventing their working; 3d, denies the damage alleged by plaint-iffs; 4th, sets up that defendants own the claims next above plaintiffs' in the cañon, and had a prior possession in their own claims to plaintiffs' possession of theirs, and long prior to plaintiffs' possession they had possession by means of a flume and other works necessary and proper therefor, received, conducted and de-posited the tailings, flowing from said ravine from mining claims in the hill above, in the said ravine below their claims; that the plaintiffs and those from whom they claim had notice thereof; 5th, that dams erected by plaintiffs had caused the damages, if there were any.

Upon these issues the parties went to trial, and on the first trial defendants prevailed, through the instructions of the Court that the defendants, if prior in location, had a right to run flumes down on those below to their damage.   The Supreme Court, on appeal, re-versed the judgment, and on a second trial the plaintiffs had a decree for one hundred dollars damages, with a perpetual injuction.

The decree runs that plaintiffs " have and recover of, etc., the sum of one hundred dollars and costs, taxed at $——." Then fol-lows a further direction that defendants be perpetually enjoined, etc.

After judgment and the entry of the order for a perpetual injunc-tion, the plaintiffs moved for their costs of suit.   The motion was overruled, except as to the costs of the perpetual injunction, the costs of trial being refused.   Plaintiffs appeal from the order, made after final decree, refusing costs.

*McConnell & Garber and A. A. Sargent*, for Appellants.

When a perpetual injunction is part of the relief sought in an action, and such relief is granted as the result of the action, the costs of securing such relief—in other words, the costs of proving such a state of facts upon the trial as warrants such relief—should be granted to the prevailing party, independent of the question whether more or less than two hundred dollars is recovered for the previous trespass complained of. (*Marius* v. *Bicknell*, 10 Cal. 217.)

In this case the question was not merely one of damages. We sought not merely to recover compensation for past injuries, but to restrain them in future. The defendants denied not merely the damage ; they went further, and denied our rights, and set up rights in themselves, which, if sustained, not merely prevented our recovery of damages, but left our property at their mercy, to be filled up and destroyed at their pleasure. These conflicting rights were the main issues determined by the trial, and the verdict, judgment and injunction, showed that the defendants had asserted rights against us they did not possess. By making issue upon these points they compelled us to introduce witnesses outside of any question of damages.

The facts would have sustained a simple action of ejectment. Every question that would arise in an action of ejectment the defendants lugged into the case by their answer ; and the case, however technically named, was under the pleadings an action for the recovery of real property, and coming under section four hundred and ninety-five of the Practice Act, wherein costs are allowed of course to the prevailing party.

*Geo. Cadwalader*, for Respondents.

I.   The appeal ought to be dismissed, because the record fails to show that two hundred dollars are involved.

II.   The action of the Court below was right, because no cost bill appears to have been filed by the successful party. (*Chapin* v. *Broder*, 16 Cal. 403.)

III.   The decree gives no costs—that is, there is a blank left,

but which the Clerk has no authority to fill up.    If this decree was not satisfactory to appellant, he should have appealed from the decree upon a statement showing that he filed a cost bill within the statutory time.    It was error, undoubtedly, not to allow full costs of suit; but this Court cannot now remedy it.    The decree must be supposed to settle definitely the litigation; it does without the motion is made, during the term at which it was ordered, to reform or modify it.

The theory upon which appellant is proceeding is, that the Court, after final decree, may order defendant to pay the costs, or let execution issue therefor.    This is false.    The decree must embrace the costs; where a blank is left in the decree, no costs are awarded. (*Chapin* v. *Broder*, already cited.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action for damages, and for an injunction.    The plaintiffs recovered less than two hundred dollars, and the question is whether they are entitled to costs.    This, we think, is one of the cases in which the allowance of costs is in the discretion of the Court.    (Practice Act, sec. 495, 498.)    They were refused by the Court below, and we cannot interfere.

Judgment affirmed.