ISAAC COULDTHIRST, Respondent, v. GEORGE F. KELLEY, Appellant.

No. 3613; October 16, 1873.

Nuisance—Suit to Abate—Costs.—In a Suit in Equity for the abatement of a nuisance, the allowance of costs is within the discretion of the court.

Appeal—Exception for First Time on Appeal.—When it does not appear from the statement on motion for a new trial that the instruction complained of, as a ground for the motion, was excepted to at the trial, the exception cannot be taken for the first time on appeal from the order denying the motion.

Appeal.—Where There was a Substantial Conflict of Evidence at the trial, the verdict thereupon is not to be disturbed on appeal as not being justified by the evidence.

E. V. Spencer for respondent; A. W. Blair and I. S. Chapman for appellant.

CROCKETT, J.—The plaintiff is the owner and in the use and occupation of a tract of land through which Susan river flows, and the defendant is the owner in possession of another tract higher up on the same stream.

The object of the action is to abate as nuisances certain dams and ditches constructed by the defendant, which, it is alleged, had the effect to divert the water from the plaintiff's premises, and also to recover damages occasioned by the diversion. The issues made by the pleadings were submitted to a jury, which returned a verdict in favor of the plaintiff for the sum of two hundred and twenty-five dollars, for which

amount and for costs judgment was entered for the plaintiff; but the judgment is silent in respect to abating the alleged nuisance. The defendant appeals from the judgment and from the order denying his motion for a new trial. The grounds of error relied upon are, that the court erred, first, in awarding costs to the plaintiff; second, 'in misdirecting the jury; third, in denying the motion for a new trial. The first point is not tenable. The action is in equity to abate a nuisance, and in such cases the allowance of costs is in the discretion of the court, and we think there was no abuse of discretion in this case: Harvey v. Chilton, 11 Cal. 114; Esmond v. Chew, 17 Cal. 336; Gray v. Dougherty, 25 Cal. 266.

The second point is also untenable. It does not appear from the statement on motion for a new trial that the instruction complained of was excepted to by the defendant, and the exception cannot be made for the first time in this court. Whether the instruction was correct or otherwise is a question not open to review on this appeal upon the record before us.

Nor can we disturb the order denying a new trial on either of the grounds alleged.

The affidavit of the defendant's attorney fails to show that the verdict was a chance verdict, within the meaning of section 193 of the Practice Act, as heretofore expounded by this court: Turner v. Tuolumne Water Co., 25 Cal. 397; Boyce v. Cal. Stage Co., 25 Cal. 474.

Viewed in the light most favorable to the defendant, there was at least a substantial conflict in the evidence pertinent to all the issues raised by the pleadings, and we cannot, therefore, disturb the verdict on the ground that it was not justified by the evidence.

Judgment and order affirmed.

We concur: Rhodes, J.; Wallace, C. J.; Belcher, J.; Niles, J.